

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:07-CR-178 (TH)** |
| **CLARENCE DANIEL RUSSELL** | | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 20, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Clarence Daniel Russell, on **Count 2** of the charging **Indictment** filed in this cause.  Count 2 of the Indictment charges that on or about March 12, 2007, in the Eastern District of Texas, Clarence Daniel Russell, Defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance,

namely a cocaine mixture or substance containing a detectable amount of cocaine base, also known as "crack" cocaine, in an amount of five (5) grams or more, but less than fifty (50) grams, in violation of Title 21, United States Code, Section 841(a)(1).

Defendant, Clarence Daniel Russell, entered a plea of guilty to Count 2 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 21

U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation*.  If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty.  The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Indictment and that the events described in the Indictment occurred on the dates and in the places alleged in the Eastern District of Teas.  The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause.  The *Factual Basis* states those facts as follows:

Detective Bryan Baker of the Beaumont Police Department would testify that on two occasions on January 22, 2007, and again on March 12, 2007, he utilized a cooperating informant (CI) to make controlled purchases of cocaine base from a man identified as Clarence Daniel Russell.  Specifically as to Count 2 of the Indictment, Detective Baker would testify that on  March 12, 2007, he met with the CI who advised Baker that the CI could arrange a purchase of three "cookies" of  "crack" cocaine from Clarence Daniel Russell.  On that date, Detective Baker directed the CI to contact Clarence Daniel Russell and arrange the purchase of two

"cookies" of "crack" cocaine.  After contact was made, the CI and Clarence Daniel Russell met on the parking lot of Pappadeaux's Restaurant located at 4040 IH-10 South in Beaumont.  Detective Baker would testify that after the arrangements were complete, the CI and the vehicle used by the CI were searched to verify that no cocaine was present.  Detective Baker would testify that he then equipped the CI with a video recording device and $1,200.00 cash.  Detective Baker would testify that he and other officers set up surveillance in the area near the restaurant observed the CI arrive at that location.  Detective Baker would testify that after monitoring the conversation between the CI and Russell, he observed the CI depart the area and met with the CI at a prearranged location where he retrieved the video recording equipment. Lastly, Detective Baker would testify that he submitted the evidence obtained in controlled buys from Clarence Daniel Russell on January 22, 2007 and March 12, 2007, to the Jefferson County Regional Crime Laboratory for analysis.

Confidential Informant (CI) would identify the Defendant, Clarence Daniel Russell, as the person he/she purchased "crack" cocaine from on March 12, 2007, and January 22, 2007.

Forensic Analysts Chris Fontenot and Rebecca Sweetenham of the Jefferson County Regional Crime Lab would testify regarding their analysis of the evidence submitted by Detective Baker in this investigation.  Mr. Fontenot would testify that the evidence obtained from the undercover purchase on January 22, 2007, was determined to be cocaine base, a Schedule II controlled substance, totaling 22.23 grams.  Lastly, Ms. Sweetenham would testify that she analyzed the evidence obtained from the Defendant on March 12, 2007, and determined that the evidence was cocaine base totaling 29.82 grams.

Defendant, Clarence Daniel Russell, agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 2** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Clarence Daniel Russell, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1).

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United*

*Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of February, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE